WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rick Alton Foley,<br><br>               Plaintiff,<br><br>v.<br><br>Mrs. Antolin, et al.,<br><br>               Defendants. | No.  CV 13-2271-PHX-SMM (JFM)<br><br><br>**O R D E R** |

**I.     Background**

On November 6, 2013, Plaintiff Rick Alton Foley, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. In a February 7, 2014 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed *In Forma Pauperis*. On February 24, 2014, Plaintiff filed a second Application to Proceed *In Forma Pauperis* (Doc. 12). In a September 10, 2014 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On October 14, 2014, Plaintiff filed his First Amended Complaint. In a December 29, 2014 Order, the Court dismissed the First Amended Complaint for failure to state a claim and granted Plaintiff 30 days to file an amended complaint. On January 29, 2015,

1  Plaintiff filed a "Notice and Requests of/for Possible Resolution" (Doc. 24) and states
2  that if his request for counsel is not granted, that he "seeks this case be dismissed without
3  prejudice." The Court will construe the "Notice and Requests of/for Possible Resolution"
4  as a motion to appoint counsel. The Court will further deny the motion to appoint
5  counsel and grant Plaintiff's request to dismiss his case without prejudice.

6  **II.    Motion to Appoint Counsel**

7  In his Motion, Plaintiff seeks the appointment of counsel, asserting that he is
8  unable to get legal assistance and is untrained in the law. There is no constitutional right
9  to the appointment of counsel in a civil case. *See Ivey v. Bd. of Regents of the Univ. of*
10 *Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In proceedings *in forma pauperis*, the court
11 may request an attorney to represent any person unable to afford one. 28 U.S.C.
12 § 1915(e)(1). Appointment of counsel under 28 U.S.C. § 1915(e)(1) is required only
13 when "exceptional circumstances" are present. *Terrell v. Brewer*, 935 F.2d 1015, 1017
14 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an
15 evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to
16 articulate his claims *pro se* in light of the complexity of the legal issue involved. *Id.*
17 "Neither of these factors is dispositive and both must be viewed together before reaching
18 a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

19 Having considered both factors, it does not appear at this time that exceptional
20 circumstances are present that would require the appointment of counsel in this case.
21 Plaintiff is in no different position than many *pro se* prisoner litigants. Thus, the Court
22 will deny without prejudice Plaintiff's Motion to Appoint Counsel.

23 **III.   Voluntary Dismissal**

24 Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure provides in relevant
25 part that a plaintiff "may dismiss an action without a court order by filing: (i) a notice of
26 dismissal before the opposing party serves either an answer or a motion for summary
27 judgment[.]" The right to voluntarily dismiss an action under these circumstances is
28 absolute. *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077

(9th Cir. 1999). Rule 41(a)(1)(B) provides, in relevant part, that "[u]nless the notice . . . states otherwise, the dismissal is without prejudice."

As discussed above, Plaintiff indicated in his motion to appoint counsel that if the motion is denied, he seeks dismissal of this case. The Court will, in its discretion, construe Plaintiff's request as a notice of voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure. Plaintiff is no stranger to litigation before this Court. *See Foley v. Stewart, et al., CV 99-1505-PHX-RCB (D. Ariz. July 16, 2002); Foley v. Schriro, et al., CV 06-0834-PHX-SMM (LOA) (D. Ariz. May 15, 2008); Foley v. Frederickson, et al., CV 07-0603-PHX-SMM (D. Ariz. Mar. 23, 2009); Foley v. Schriro, et al., CV 07-0787-PHX-SMM (D. Ariz. Aug. 31, 2009); Foley v. Carlson, et al., CV 08-0019-PHX-SMM (D. Ariz. June 1, 2009); Foley v. O'Conner, et al., CV 12-0837-PHX-SMM (LOA) (D. Ariz, June 19, 2012).* As reflected in his prior actions, Plaintiff has gained a familiarity with crafting a viable complaint. The Court will, however, grant his request for voluntary dismissal of this action and dismiss this case without prejudice.

**IT IS ORDERED:**

(1) Plaintiff's motion to appoint counsel (Doc. 24) is **denied**.

(2) The Clerk of Court must enter a judgment of dismissal of this action without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure, and close this case.

DATED this 23rd day of February, 2015.

Honorable Stephen M. McNamee
Senior United States District Judge